United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF SGT ELT BIDCO GMBH

Case No. 3:26-mc-80200-JSC

**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL AND MOTION TO INTERVENE**

Re: Dkt. Nos. 4, 5, 22, 28, 36

SGT ELT BidCo GmbH filed an *ex parte* application for an order under 28 U.S.C. § 1782 to obtain discovery from non-party Summit Partners for use in foreign proceedings in Germany. (Dkt. No. 1.) Non-party Summit opposes the application. (Dkt. No. 29.) SGT and Summit have filed several administrative motions to seal in connection with their briefing (Dkt. Nos. 4, 5, 28, 36), and Inner City Press has filed a motion to intervene for the limited purpose of opposing these administrative motions to seal (Dkt. No. 22). Having reviewed the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and for the reasons set forth below, GRANTS IN PART and DENIES IN PART the administrative motions to seal and DENIES the motion to intervene as moot.

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, “a strong presumption in favor of access is the starting point.” *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions “more than tangentially related to the underlying cause of action,” *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with “compelling reasons supported by specific factual findings ... that outweigh the

United States District Court
Northern District of California

general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (cleaned up). However, records attached to "nondispositive motions" which are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access and must instead meet a lower "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098-99. "The good cause standard [still] requires a 'particularized showing,' ... 'that specific prejudice or harm will result' if no protective order is granted." *Access Optical Networks, Inc. v. Seagate Tech. LLC*, No. 24-CV-03745-EKL (VKD), 2025 WL 2856297, at *1 (N.D. Cal. Oct. 8, 2025) (citing *Kamakana*, 447 F.3d at 1180; *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, under Northern District of California, Civil Local Rule 79-5, sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *See* N.D. Cal. Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[ ]" their requests only to the sealable material. *Id.* at 79-5(c)(3). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

As a discovery motion "tangentially related[ ] to the merits of [the] case," the good cause standard applies here. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (noting good cause exception applies to "sealed materials attached to a discovery motion"); *In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-MC-80037 NC, 2018 WL 11198061, at *6 (N.D. Cal. Apr. 24, 2018) (concluding the good cause standard applied to a sealing request with a 1782 application because "the Court does not deal with the merits of the European patent litigation, and its only connection to this case is a discovery dispute regarding the propriety of subpoenas.").

SGT and Summit both insist large portions of their briefing, declarations, and the exhibits

thereto should be sealed because they contain information regarding a confidential commercial purchase agreement and related "German proceedings." SGT seeks to seal its entire declaration in support of sealing and the vast majority of the motion filed in support of sealing. (Dkt. Nos. 4, 4-3.) Summit likewise redacted much of its administrative motion to seal and the supporting declaration. (Dkt. Nos. 28, 28-1.) Both requests redact any information about the confidentiality provisions and/or rules which they contend require sealing. The requests for sealing are also vague as to the nature of the "German proceedings" and whether these "proceedings" are the litigation SGT commenced in the Regional Court Frankfurt am Main (Frankfurt Regional Court), Federal Republic of Germany, against Matthias Allgaier, Steffan Peyer, and Severine Lambert, in January 2026. This lack of clarity prompted Inner City Press's motion to intervene. (Dkt. No. 35 at 2 ("Neither the Response nor any public filing identifies what German law, regulation, contractual provision, or court order imposes this obligation.").)

In this respect, the motions to seal are overbroad. That the "German proceeding" is a private arbitration is not sealable. Nor is it appropriately sealable that the German Arbitration Institute Rules prohibit the parties from disclosing any information regarding the arbitration proceeding. The German Arbitration Institute Rules are publicly available online and provide in relevant part:

> **Article 44** Confidentiality
>
> 44.1
> Unless the parties agree otherwise, the parties and their outside counsel, the arbitrators, the DIS employees, and any other persons associated with the DIS who are involved in the arbitration shall not disclose to anyone any information concerning the arbitration, including in particular the existence of the arbitration, the names of the parties, the nature of the claims, the names of any witnesses or experts, any procedural orders or awards, and any evidence that is not publicly available.

(German Arbitration Institute (DIS) Arbitrations Rules, available at https://www.disarb.org/en/tools-for-dis-proceedings/dis-rules (last visited Aug. 13, 2026); *see also* Dkt. No. 28-3 at ¶ 5.)

In contrast, information about what has occurred in those arbitration proceedings is confidential. *See GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 420 (7th Cir. 2014) (granting a sealing request because "parties to a German arbitration may not disclose evidence presented in the arbitration"; thus, regardless of whether that is "a good rule or a bad rule, [] it is a rule that

United States courts should respect as a matter of comity."); *Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF, 2020 WL 6270928, at *1 (N.D. Cal. Oct. 26, 2020) (granting motion to seal because the Beijing Arbitration Commission requires all proceedings to be kept confidential). Likewise, any information regarding the parties' confidential purchase agreement is properly sealable. "[C]onfidential business information that would harm a party's competitive standing if publicly disclosed" is properly sealable." *PhotonIC Techs. Co. v. Eliyan Corp*., No. 26-CV-06389-BLF, 2026 WL 2300531, at *1 (N.D. Cal. Aug. 10, 2026) (collecting cases).

Accordingly, the administrative motions to seal are granted as to the material that specifically discusses the parties' confidential business information and matters regarding the arbitration proceeding. The motions are denied as to the fact of the arbitration and the arbitration rules that prohibit disclosure. The parties shall file an omnibus administrative motion to seal in accordance with this Order by September 3, 2026.

Inter City Press's motion to intervene is denied as moot in light of this Order.

This Order disposes of Docket Nos. 4, 5, 22, 28, 36.

**IT IS SO ORDERED.**

Dated: August 18, 2026

JACQUELINE SCOTT CORLEY
United States District Judge